Filed Feb. 20, 1884.

---

No. 10,876.

## SIMPSON *v.* DE HAVEN, SHERIFF, ET AL.

REPLEVIN.—*Evidence.—Ownership of Crops.—Special Finding.—Weight of Evidence.*—In an action to recover certain crops levied upon by a creditor of S., who had raised them upon the plaintiff's land with his consent, but without any agreement as to the ownership, a finding that he owned one-half of the corn and hay and two-thirds of the wheat was as favorable as the evidence warranted, and the Supreme Court can not, therefore, disturb the judgment upon the weight of the evidence.

From the Howard Circuit Court.

*W. R. Payne, J. C. Blacklidge* and *W. E. Blacklidge,* for appellant.

*F. Cooper* and *R. Vaile,* for appellees.

BEST, C.—The appellee James W. DeHaven, as sheriff of Howard county, levied an execution in favor of his co-appellees upon ten stacks of hay, the growing wheat and standing corn on certain real estate, as the property of John Shoddy, the execution debtor, and the appellant brought this action to recover the possession of said property, claiming it as his own.

Issues were formed, a trial had and a finding made that the appellant was the owner of one-half of the corn and hay, two-thirds of the wheat, and that John Shoddy was the owner of the residue. Judgment accordingly and costs apportioned. The appellant's motion for a new trial, on the sole ground that the finding was contrary to the evidence, was overruled, and this ruling is assigned as error.

The evidence is in the record, and it shows that John Shoddy is the appellant's son-in-law; that about two years before the property in question was levied upon he moved upon appellant's farm and has since lived and raised crops upon it; that he raised the corn, sowed the wheat and cut the hay in dispute upon appellant's land, and the disputed question of fact was whether the property belonged to appellant or to Shoddy. The evidence was undisputed that Shoddy was not employed by the appellant to raise these crops; that he lived upon the products of the farm; that he insured them in his own name; that he paid taxes upon them; that he sold them at pleasure and used the proceeds in the payment of his debts, the support of his family and otherwise; that he never accounted for any portion of them, and there was no agreement between him and appellant in relation to them, except that he was to furnish the appellant, from time to time, such part as he requested. Under these circumstances we think the finding as favorable to the appellant as the evidence warranted, and we can not, therefore, disturb the judgment upon the evidence.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment be and it is hereby in all things affirmed, at the appellant's costs.

Filed Feb. 14, 1884.